UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JODY HERNANDEZ,

    Plaintiff,

vs.                                      CASE NO.:

THE VILLAGES TRI-COUNTY
MEDICAL CENTER, INC., a Florida Not
For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, JODY HERNANDEZ, by and through the undersigned attorney, sues the Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., a Florida Not For Profit Corporation, and alleges:

    1.    Plaintiff, JODY HERNANDEZ, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

    2.    Plaintiff, JODY HERNANDEZ was an employee who worked at Defendants' property within the last three years in Lake County, Florida.

    3.    Plaintiff, JODY HERNANDEZ, worked for Defendant as a salary paid employee at a bi-weekly salary rate of $2,136.32, or $1,068.16 per week.

    4.    Plaintiff, JODY HERNANDEZ, worked as a Licensed Practical Nurse

1

("LPN") in an Admission Liaison position for Defendant.

5. That according to the Department of Labor, licensed practical nurses and other similar health care employees generally do not qualify as exempt learned professionals, regardless of work experience and training, because possession of a specialized advanced academic degree is not a standard prerequisite for entry into such occupations. *See* Department of Labor Fact Sheet #17N: Nurses and the Part 541 Exemptions Under the FLSA; www.DOL.gov/whd/overtime/fs17n_nurses.htm

6. That as an Admission Liaison, Plaintiff did not consistently exercise discretion and judgment in carrying out her job duties.

7. Despite the above, Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., classified Plaintiff as salaried exempt.

8. At all times material to this cause of action, Plaintiff, JODY HERNANDEZ, should have been classified as a non-exempt employee and paid overtime wages for any and all overtime hours worked.

9. Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., is a Florida not for profit Corporation that operates and conducts business in Lake County, Florida and is therefore, within the jurisdiction of this Court.

10. According to Florida's Division of Corporations website, Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC. lists its principal place of business as 1451 El Camino Real, The Villages, Florida 32159.

11. Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., operates by providing medical and surgical hospital services. According to its website,

Defendant serves patients in Lake, Sumter, and Marion counties. *See* www.TheVillagesRegionalHospital.org/about-us/

12. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14. During Plaintiff's employment with Defendants, Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., earned more than $500,000.00 per year in gross sales/revenue.

15. Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., employed approximately one hundred (100) employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as bandages, syringes, biohazard trash bags, pain relief medications, cotton swabs, medical bedding, x-ray equipment, stethoscopes, and other tools/materials used to run the business.

17. Therefore, at all material times relevant to this action, Defendant, THE VILLAGES TRI-COUNTY MEDICAL CENTER, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff, JODY HERNANDEZ, is individually covered

under the FLSA.

19. The undersigned counsel has made efforts to resolve this matter without litigation but those efforts have been met without success. Specifically, the undersigned counsel sent correspondence via certified mail to Defendant's registered agent outlining the allegations contained in this suit, and requested Plaintiff's pay and time records. At the time of this filing, Defendant has not provided those documents.

## FLSA Violations

20. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

21. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

22. Specifically, Plaintiff routinely worked in excess of forty (40) hours per week without additional overtime compensation.

23. Plaintiff regularly worked eight (8) hour shifts Monday through Friday and then additional eight (8) hours on the weekend every other week.

24. Plaintiff is entitled to the full time and one-half rate for all hours worked in excess of forty (40) per week.

25. Plaintiff is entitled to overtime compensation for each overtime hour worked based on her calculated hourly rate of pay.

26. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though stated fully herein.

29. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Plaintiff was paid her salary for all hours worked regardless of how many overtime hours were worked in the workweek.

32. Defendant has failed provide accurate overtime compensation for numerous pay periods due to misclassifying Plaintiff as a salary-exempt employee.

33. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

34. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JODY HERNANDEZ demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 25 day of September, 2019

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff